C. E. JAMISON ET AL. v. H. H. DOOLEY ET AL.

Decided February 6, 1904.

**1.—Bill of Exceptions to Admission of Evidence.**
A bill of exceptions taken to the overruling of objections to the admission of certain evidence must show that the evidence was admitted, as the court is not required to search the record to ascertain such fact.

**2.—Administrator's Deed—Inventory—Presumption.**
It is not a valid objection to the admission in evidence of an administrator's deed that the original inventory of his decedent's estate did not contain the land, since the statute authorizes a supplementary inventory, and the presumption will be indulged that the land appeared therein.

**3.—Trial—Admission of Evidence—Harmless Error.**
Error in the admission of certain evidence was harmless where, as to the only issue upon which it could have any bearing, there was no finding by the court and no request for one.

Appeal from the District Court of Haskell. Tried below before Hon. H. R. Jones.

*A. C. Foster, H. G. McConnell,* and *Jacob C. Baldwin,* for appellants.

*Scott & Brelsford,* for appellees.

SPEER, ASSOCIATE JUSTICE.—The evidence adduced upon the trial supports the following facts, which are for the most part the findings of fact of the trial court: (1) The land in controversy, being 640 acres of land originally granted to John Jamison, situated in Haskell County, was located by virtue of unconditional headright certificate No. 34 for 640 acres issued to John Jamison by the Republic of Texas, May 6, 1844; said certificate issued by the chief justice and associate justices of Sabine County, Texas, to said John' Jamison as an immigrant. (2) John Jamison, the grantee of said land certificate, died in Sabine County, Texas, prior to 1850, leaving surviving him eight children, seven boys and one girl, namely, J. Nelson Jamison, Maria Jamison, Rice Jamison, Allen Jamison, Harden Jamison, Washington Jamison, Thomas Jefferson Jamison and Archebul Jamison; all of these children are now dead, and all died without issue except Maria, Rice and Thomas Jefferson. J. Nelson, Allen, Harden, Washington and Archebul died first. (3) Rice Jamison left surviving him one son named John Jamison. Maria Jamison left two children, namely Baker Jamison and a daughter, Lucinda, who married a man by the name of Fowler. Thomas Jefferson Jamison left two children, W. A. Jamison and Martha T. Jamison. (4) Plaintiffs in this suit are the heirs of John Jamison, deceased, who was the son of Rice Jamison, and are entitled to his one-third undivided interest. (5) The defendant H. H. Dooley owns all the interest of Maria Jamison in the land in suit, and holds a deed from the administrator of her estate to two-thirds of the land in suit, and holds possession of all the land. (6) The heirs of Thomas Jefferson

Jamison are not parties to this suit. (7) Interveners Baldwin and Foster own one-half of plaintiffs' one-third interest in the land in suit.

Upon these facts the trial court rendered judgment in favor of plaintiffs and interveners for one-third of the land in controversy, and in favor of defendant Dooley for the remaining two-thirds.

The above facts are based mainly upon the testimony of the defendant H. H. Dooley, and which testimony appellants insist should have been excluded under the rule as laid down in Byers Bros. v. Wallace, 87 Texas, 503, and the matter is presented to us by the following bill of exceptions, to wit: "Be it remembered that on the trial of the above entitled cause the defendants offered to prove by defendant H. H. Dooley the declarations of Maria Jamison, Allen Jamison and J. Nelson Jamison made to him, said H. H. Dooley, that Allen Jamison came to Texas in 1839 and settled in Sabine County, Texas; that Maria Jamison and her two children, Baker Jamison and Lucinda Fowler, her brother J. Nelson Jamison, and her father John Jamison, all came together to Texas in 1840 and settled in Sabine County, and that her father John Jamison soon afterwards died in Sabine County, and was buried near old Milam; that said Maria Jamison and her two brothers, Allen Jamison and J. Nelson Jamison, were the only children of said John Jamison; that said Maria Jamison received the original certificate of her father John Jamison and employed one William Mitchell to locate it for her, agreeing to pay him one-third of the land for locating it; that he, Mitchell, afterwards brought her the patent and she paid him money for locating said certificate instead of deeding him one-third of the land, and that John Fowler, after the death of Maria Jamison, told witness that he found the original patent to the land in controversy in Maria Jamison's trunk, to all of which counsel for the plaintiffs objected for the following reasons: (1) Because if said statements were true, it showed that said declarants, Maria Jamison, Allen Jamison and J. Nelson Jamison, were by inheritance the owners of the John Jamison 640-acre survey, the land in suit, and said declarations were self-serving on the part of said Maria Jamison, Allen Jamison and J. Nelson Jamison when made to said defendant H. H. Dooley, and were therefore inadmissible for any purpose whatever. (2) Because, if said statements were true, it gives title to said H. H. Dooley to the 426 acres claimed by him and recovered by him in this suit, and said declarations were hearsay, self-serving on the part of said H. H. Dooley at the time he testified in court, he being the only defendant who showed any claim to the land, and said declarations were inadmissible for any purpose whatever; and the court having overruled said objections, the plaintiffs excepted to said ruling, and herewith tender this bill of exceptions and ask the same may be signed and made a part of the record in this cause, which is accordingly done." Said bill is properly approved and incorporated in the record.

If we were inclined to apply the rule in the Byers v. Wallace case to the testimony of the defendant Dooley in this case, we nevertheless can

not do so, for the reason that the bill of exception fails to show that the testimony complained of was introduced in evidence; the bill contains no statement to that effect, and we are not required to search the record to ascertain if such testimony was in fact introduced. Fields v. Haley, 52 S. W. Rep., 116. Other testimony of a similar nature was offered, and the ruling of the court presented by a bill similar to the one above quoted. Since the assignments based upon these bills must be overruled, we think the evidence sufficient to support the court's findings.

It is no valid objection to the administrator's deed to defendant Dooley that the original inventory of his decedent's estate did not contain said land. The statute authorizes a supplementary inventory, and in such case the presumption that such an inventory was filed would prevail. Nor were the interlineations of the orders of the probate court, ordering and approving the sale of the land contained in said deed to defendant, such as to cast suspicion upon the validity of the instrument and call for further explanation than was made.

If there was error in admitting in evidence the letters written by Foster & Scott and A. C. Foster to the defendant Dooley, it is manifestly harmless, since there is neither a finding by the court nor a request for one upon the issue of limitation, the only issue upon which the evidence could have any possible bearing.

All assignments are overruled and the judgment affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

Counsel for appellants in their motion for rehearing cite article 1362 of the Revised Statutes to support their contention that the bill of exceptions set out in the original opinion is sufficient. But an examination of the bill will disclose that it makes no reference whatever to the evidence "as it appears in the statement of facts." The evidence incorporated in the statement of facts may have been admitted without objection, for aught that appears, either in the statement or the bills. Nor is it a case of conflict between the bill and the statement, and hence the authorities cited by appellants are not in point. In support of our conclusions on the sufficiency of the bill, see Simpson v. State, 2 Texas Law Journal, 178; Peck v. Louisville, etc., Ry. Co., 101 Ind., 369; National Bank v. Lock (Ind.), 31 N. E. Rep., 1115.

The opinion discloses our conclusions of fact upon all the disputed issues, and since a writ of error lies to our judgment of affirmance, all the motions, viz., for a rehearing, for additional conclusions of fact, and to certify to the Supreme Court, are overruled.

*Overruled.*

Writ of error granted; judgment affirmed.