## EDENS v. HART. (No. 731.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 17, 1921. Rehearing Denied Jan. 11, 1922.)

**1. Appeal and error ⬲690(5)—Admissibility of evidence not considered, where bill of exceptions does not state facts relating thereto.**

Where a bill of exceptions contained no statement of the circumstances, or the evidence explaining the testimony objected to and showing its immateriality, nor made any reference to the statement of facts, as required by Rev. St. 1911, arts. 2059, 2060, it was fatally defective, and the admissibility of the evidence cannot be considered.

**2. Appeal and error ⬲663(1)—Certificate to bill of exceptions held not to show facts assumed in objection were true.**

Certificate to bill of exceptions that objections therein contained were made to the admission of testimony cannot be construed as a certificate that the facts assumed in the objections were true.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

Action by A. G. Edens against Max W. Hart. Judgment for defendant, and plaintiff appeals. Affirmed.

Russell & Seale, of Nacogdoches, for appellant.

Hodges & Greve, of Nacogdoches, for appellee.

WALKER, J. This was a suit by appellant to recover the sum of $750, which he alleged was due him by appellee as commission on a real estate deal. Appellant's testimony tended to support his allegations, but on submission to a jury a verdict was returned for appellee.

[1] Appellant's assignments of error rest on his bills of exception to the admission of testimony. As presented to us these bills are not sufficiently full to call in question the ruling of the court on the admissibility of the testimony objected to. We give in full appellant's sixth bill of exception, complaining of the admission of an unsigned contract as follows:

"Be it remembered that upon the trial of the above entitled and numbered cause defendant introduced in evidence the following instrument:

" 'State of Texas, County of Nacogdoches.

" 'Know all men by these presents: That Max W. Hart, party of first part, and A. G. Edens, party of the second part, have entered into the following agreement, to wit: Party of first part agrees to give A. G. Edens one Hudson car for one house and 2½ acres of land in the city of Como, Texas; provided, party of the second part furnishes party of the first part a merchantable title thereto, and delivers possession to same not later than January 1, 1919. Party of the first part is to deposit this day in the Stone Fort National Bank a bill of sale to the aforesaid car, and party of the second part this day leaves his deed to the Como property with the Stone Fort National Bank as a guaranty that each party hereto will faithfully carry out his part of this contract, but in the event party of the second part fails to deliver the house and lots on the terms and conditions above set out the deal will become null and void and without further force or effect, but should party of the second part deliver the property on the above conditions, the Stone Fort National Bank is hereby instructed to deliver the bill of sale to the Hudson car herewith attached to party of the second part.

" 'Witness our hands this the 2d day of December, A. D. 1918.

" '————————, Party of First Part.
" '————————, Party of Second Part.'

"To which the plaintiff objected, because said instrument was not a contract nor an agreement, was unsigned, and not connected with the matters in controversy, but the court overruled said objection and permitted said instrument to be introduced, to which action of the court in permitting said instrument being introduced the plaintiff then and there in open court excepted for the reason that said instrument was unsigned, was not an agreement, contract such as could be introduced in evidence, had no connection with, or bearing upon the case on trial and the issues involved, was not pertinent to any fact connected with the suit and plaintiff here now tenders this his bill of exception No. 6, and ask that the same be signed, approved and filed as a part of the record in said cause, which is accordingly done.

"J. M. Marshall, Judge Presiding."

Revised Statutes 1911 provide the following requisites for bills of exceptions:

"Art. 2059. No particular form of words shall be required in a bill of exceptions; but the objection to the ruling or action of the court shall be stated with such circumstances, or so much of the evidence as may be necessary to explain it, and no more, and the whole as briefly as possible.

"Art. 2060. Where the statement of facts contains all the evidence requisite to explain the bill of exceptions, it shall not be necessary to set out such evidence in the bill of exceptions; but it shall be sufficient to refer to the same as it appears in the statement of facts."

This bill of exception contains no statement of the circumstances or the evidence explaining the testimony objected to and showing its immateriality, nor does it make any reference to the statement of facts. Hence we conclude that it is fatally defective. Jamison v. Dooley, 34 Tex. Civ. App. 428, 79 S. W. 92. All this bill of exceptions does is to set out the testimony objected to and the grounds of objection.

[2] The certificate of the trial judge that said objections were made to the admission of this testimony cannot be construed as a certificate that the facts assumed in the ob-

jections are true. It is merely a certificate by him that the objections set forth in the bill were in fact made. Appellant's other bills of exception are defective in the respects above discussed.

Finding no error in the record, the judgment of the trial court is in all things affirmed.